OPINION
MILLS, Judge.
Pursuant to Rule 9.130(a)(3)B, Fla.R. App.P., Joe Rosier appeals from a nonfinal order of the trial court denying his application for an injunction. We affirm.
Rosier sought the injunction for the purpose of striking Lawrence V. “Larry” Johnston from the ballot as a candidate for the *168 office of Circuit Judge for the Eighteenth Judicial Circuit, Group Three, maintaining that Johnston had not “irrevocably” resigned as County Judge, pursuant to the requirements of Section 99.012(2) and (3), Florida Statutes (1985). Rosier based his allegation on a postscript to Johnston’s letter of resignation which stated that “[t]his letter is conditioned only upon it being construed as a timely letter within the provisions of F.S. 99.012. If, for and [sic] reason, this letter is not timely and it or my qualifying for the upcoming election would result in immediate termination, then this letter shall be of no force and effect and deemed withdrawn.”
In our view, the disputed postscript does not render Johnston’s resignation revocable in contravention of the statute, as it unambiguously states an intent to resign from one office for the purpose of seeking another. Rather, the language simply renders the resignation nonfinal pending fulfillment of the conditions stated in the postscript. As a reading of the applicable statutes demonstrates, the conditions were fulfilled at the time the letter was submitted.
Affirmed.
WENTWORTH and BARFIELD, JJ., concur.